IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ARTHUR J. BEHN,

        Plaintiff,           Civil Action No.
                                             3:16-CV-0213 (GTS/DEP)

   v.

P.O. SHARON BROWN and
S.P.O. ARON PALM,

        Defendants.

---

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

ARTHUR J. BEHN, *Pro Se*
Broome County Correctional Facility
P.O. Box 2047
Binghamton, NY 13902

FOR DEFENDANTS:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Arthur J. Behn, an inmate currently incarcerated in the Broome County Correctional Facility, has commenced this action pursuant to 42 U.S.C. § 1983 against two individuals identified as parole

officers employed by the New York State Division of Parole alleging that they violated his First Amendment rights. Plaintiff's complaint and accompanying motion for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for review. Based on my consideration of those documents, plaintiff's IFP application is granted, but I recommend that the claims set forth in his complaint be dismissed with leave to replead.

I.BACKGROUND

Although it is clear that plaintiff has commenced this action pursuant to 42 U.S.C. § 1983, the factual allegations set forth in his complaint are difficult to discern. *See generally* Dkt. No. 1. It appears that plaintiff alleges that defendant Sharon Brown, a New York State Parole Officer, and defendant Aron Palm, a New York State Supervising Parole Officer,[1] have violated his First Amendment religious rights in some manner that has resulted in his inability to contact his wife and six children. *Id.* at 2-3. Notwithstanding this assertion, there are no other factual allegations included in the complaint that illuminate the basis for plaintiff's claims or otherwise explain how defendants have violated any of plaintiff's constitutional rights. *Id.* at 2-4. For example, while the complaint alleges that defendants "violated [plaintiff's] civil religious rights, [sic] through

---

[1]Both defendants are sued in both their individual and official capacities. Dkt. No. 1 at 2.

frivolous stipulations of parole supervision," there are no further details provided. *Id.* at 3. As relief, plaintiff seeks an injunction of some kind against defendants. *Id.* at 4.

II. DISCUSSION

A. IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). In this instance, because I conclude that plaintiff satisfies the requirements to qualify for IFP status, his application for leave to proceed without payment of the requisite filing fee is granted.[2]

B. Sufficiency of Plaintiff's Complaint

1. Governing Legal Standard

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his/her complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall

---

[2] Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

3

dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("We have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis*.").

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an

overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. Analysis

As noted above, plaintiff's complaint is far from a model of clarity. While the court is mindful of its obligation to liberally construe a *pro se* litigant's complaint and construe it to raise the strongest arguments it suggests, *see, e.g., McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), it is equally true that all complaints must plead sufficient facts to state a plausible cause of action. *Twombly*, 550 U.S. at 570. In this instance, even construing plaintiff's complaint with the utmost liberality, there is no basis for a cognizable First Amendment religious claim pursuant to 42 U.S.C. § 1983. The complaint, for example, does not sufficiently explain either how plaintiff's religious rights have been implicated or any specific conduct undertaken by defendant Brown or defendant Palm to violate those rights. Instead, the complaint vaguely alleges that plaintiff's rights have been infringed in some manner and have resulted in his inability to contact certain family. To the extent plaintiff intends to challenge a condition of his parole, it is worth noting that, generally, a parolee has no constitutionally protected interest of being free of a special condition of parole. *McCloud v. Kane*, 491 F. Supp. 2d 312,

317 (E.D.N.Y. 2007). Moreover, conditions of parole are generally matters for state courts. *Pena v. Travis*, No. 01-CV-8534, 2002 WL 31886175, at *9 (S.D.N.Y. Dec. 27, 2002); *accord, Nash v. King*, No. 13-CV-0753, 2015 WL 1461291, at *3 (W.D.N.Y. Mar. 30, 2015). In any event, in this case, without additional factual allegations, I am unable to discern a cognizable constitutional claim asserted in plaintiff's complaint and therefore recommend it be dismissed as frivolous. *See, e.g., Mecca v. United States Gov't*, 232 F. App'x 66, 66-67 (2d Cir. 2007) (affirming the district court's *sua sponte* dismissal of a frivolous complaint); *Alston v. Sebelius*, No. 13-CV-4537, 2014 WL 4374644, at *20 (E.D.N.Y. Sept. 2, 2014) (denying leave to amend where the operative pleading contained "rambling allegations and disjointed and incoherent facts that did not give rise to a plausible deprivation of any constitutional right").

C. <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp.

8

986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

    In this case, although it seems unlikely, I conclude it is possible that, with the inclusion of greater factual detail, plaintiff may be able to assert a cognizable constitutional claim against defendants Brown and Palm in their capacities as New York State Parole Officers. Accordingly, I recommend that leave to amend be granted.

If plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d

Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III. SUMMARY, ORDER, AND RECOMMENDATION

Although plaintiff's IFP application is granted, his complaint is subject to dismissal in light of the lack of sufficient allegations to demonstrate the existence of plausible constitutional claim. Accordingly, it is hereby

ORDERED that plaintiff's IFP application (Dkt. No. 6) is GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint (Dkt. No. 1) be DISMISSED without prejudice to plaintiff's right to file an amended complaint within thirty days of the date of any decision adopting this report and recommendation.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

Dated: April 22, 2016
       Syracuse, New York

_[signature]_
David E. Peebles
U.S. Magistrate Judge